■ In the Matter of the Claim of VINCENT L. COLELLO, Appellant. LOUIS L. LEVINE, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed December 5, 1975, which affirmed the decision of a referee sustaining an initial determination of the Industrial Commissioner holding claimant ineligible to receive benefits from October 7, 1974 to June 22, 1975 because he failed to comply with reporting requirements, charging him with an overpayment of $3,325 in benefits ruled to be recoverable, and holding that he willfully made false statements to obtain benefits for which a forfeiture of 208 effective days was imposed. Claimant, an unemployed watchman, applied for benefits on August 5, 1974, the day following the termination of his employment. He was advised to report to the employment office on August 7, 1974. The date to report was stamped in that part of his reporting booklet reserved for employment office entries. Claimant contends he reported on October 7, 1974 and weekly, thereafter, until June 22, 1975 and his booklet was

stamped and initialed on each weekly reporting date. At his hearing claimant did not dispute that on June 24, 1975 he had signed a statement wherein he admitted that he had not personally reported to the employment office but, rather, had stamped and scribbled initials in his reporting booklet so as to deceive and obviate the requirement of reporting, feeling it was a waste of time. Such conduct is violative of the Industrial Commissioner's Regulations 41 and 42 as well as the provisions of 12 NYCRR 473.3 (a), (c) and makes operative the penalty provisions of section 594 of the Labor Law. There is substantial evidence in the record that such alterations were made on 22 separate occasions. There is substantial evidence in the record to support the board's finding that claimant made unauthorized alterations on or additions to an official record, and that such conduct constituted willful misconduct *(Matter of Bates [Catherwood]*, 33 AD2d 596, affd 26 NY2d 1028, app dsmd 400 US 1003). The issue is one of fact and credibility which is clearly within the province of the board. Decision affirmed, without costs. Koreman, P. J., Sweeney, Mahoney, Main and Reynolds, JJ., concur.